**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2791-18T4

ERIC HINES,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted March 2, 2020 – Decided March 12, 2020

Before Judges Messano and Vernoia.

On appeal from the New Jersey Department of Corrections.

Eric Hines, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Eric Hines is an inmate in the custody of the New Jersey Department of Corrections (DOC). He appeals from a DOC final agency decision finding he committed prohibited act .254, refusing to work or accept a program or housing unit assignment, N.J.A.C. 10A:4-4.1(a)(3)(ix), and imposing 180-days administrative segregation; 180-days loss of commutation time; and 15-days loss of reaction privileges. Having reviewed the record in light of the applicable legal principles, we affirm.

The record before the DOC shows that on January 16, 2019, Hines arrived at South Woods State Prison (South Woods) from another DOC facility. A corrections officer assigned Hines to a housing unit within the prison. In response, Hines said he was "not locking at South Woods." The officer ordered Hines to report to the assigned housing unit, but Hines refused. He told the officer, "I'm refusing to lock in South Woods." The officer placed Hines in restraints and escorted him to a holding cell. Hines was later escorted to a prison housing unit.

The following day, Hines was served with a disciplinary notice charging him with committing prohibited act .254. He also underwent a mental health examination, which revealed that, although he suffers from mental illness, he understands the cause and effect of his behavior, comprehends the DOC's rules,

and was responsible for his actions during the incident. It was also determined Hines was mentally competent to defend himself and to understand the disciplinary proceedings against him.

Hines requested, and was assigned, a counsel substitute, and Hines pleaded not guilty to the charge. During the January 18, 2019 hearing, Hines explained that in 2016, he had problems with the DOC staff at South Woods, and, since that time, he refused to "lock in" at the prison. He claimed he "feared for [his] life" from the South Woods DOC staff. Hines declined the opportunity to present witnesses and to confront the DOC's witnesses at the hearing.

The hearing officer found Hines admitted refusing the housing assignment and the DOC's evidence otherwise established Hines committed the prohibited act. The hearing officer further determined that inmates may not "dictate where they are housed," and that "Hines has an extensive history of refusing housing." During the four years prior to the January 16, 2019 incident at South Woods, Hines was disciplined on nine separate occasions for committing prohibited act .254. The hearing officer concluded Hines "must follow orders [and] proper procedures" "[t]o promote a safe[,] secure[, and] orderly facility."

The hearing officer considered the evidence presented, including the confidential mental health evaluation, Hines's statements, and Hines's extensive

prior record of committing prohibited act .254. In the handwritten Adjudication of Disciplinary Charge form completed by the hearing officer, she indicated the following sanctions were imposed: 365-days administrative segregation as a Category A offense pursuant to N.J.A.C. 10A:4-5.1(d); 180-days loss of commutation time; and 15-days loss of recreation privileges. In the final Adjudication of Disciplinary Charge form, the hearing officer modified the administrative segregation sanction to 180-days for a Category B offense pursuant to N.J.A.C. 10A:4-5.1(d). The sanctions for loss of commutation time and recreation privileges remained unchanged.

Hines filed an administrative appeal of the hearing officer's decision. In support of his appeal, Hines submitted a memorandum admitting that "[o]n January 16, 2019, [he] refused to be housed . . . at South Woods." He defended his refusal, claiming that in 2016, DOC officers at South Woods threatened to assault him, and, as a result, he "was in fear for [his] physical safety" at the prison.

He also argued the hearing officer improperly increased the administrative segregation sanction for his .254 offense under N.J.A.C. 10A:4-5.1(d) to that permitted for a Category A offense. He claimed prohibited act .254 constitutes a Category C offense, and, therefore, N.J.A.C. 10A:4-5.1(d) authorized an

4

increase in the administrative segregation sanction to only that permitted for a Category B prohibited act.

The Assistant Superintendent reviewed the record and found Hines's mental health history was considered, his procedural rights had been honored, and the sanctions imposed were appropriate. The Assistant Superintendent upheld the hearing officer's findings and determination. This appeal followed.

Hines presents the following arguments for our consideration:

[POINT] I

[THE] ADMINISTRATIVE APPEAL SHOULD HAVE BEEN GRANTED[.]

[POINT] II

[THE] HEARING OFFICER APPLIED [THE] WRONG STANDARD[.]

[POINT] III

[THE] SANCTION WAS EXCESSIVE[.]

Our review of agency determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence

5

in the record as a whole." Stallworth, 208 N.J. at 194 (citation omitted); accord Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider whether: (1) the agency followed the law; (2) substantial evidence supports the findings; and (3) the agency "clearly erred" in applying the "legislative policies to the facts." In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).

Although we afford deference to an administrative agency's determination, our review is not perfunctory and "our function is not to merely rubberstamp an agency's decision." Figueroa, 414 N.J. Super. at 191. We must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. N.J. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

N.J.A.C. 10A:4-4.1 defines the prohibited acts for which an inmate "shall be subject to disciplinary action and a sanction." The "[p]rohibited acts are . . . subclassified into five categories of severity (Category A through E) with Category A being the most severe and Category E the least severe." N.J.A.C. 10A:4-4.1. The DOC determined Hines committed prohibited act .254, a Category C offense. N.J.A.C. 10A:4-4.1(a)(3)(ix).

N.J.A.C. 10A:4-4.1 also details the sanctions that may be imposed for the commission of prohibited acts within the five categories. In pertinent part, the statute requires the imposition of administrative segregation "of no less than 181 days and no more than 365 days . . . per incident" for a Category A offense, N.J.A.C. 10A:4-4.1(a)(1); "no less than 91 days and no more than 180 days . . . per incident" for a Category B offense, N.J.A.C. 10A:4-4.1(a)(2); and "no less than 31 days and no more than 90 days" for a Category C offense, N.J.A.C. 10A:4-4.1(a)(3).[1]

Under certain circumstances, the DOC is permitted to impose an administrative segregation sanction in the range authorized for the next highest category of offense. More particularly, N.J.A.C. 10A:4-5.1(d) authorizes the DOC to impose, in its discretion, administrative segregation "in the next highest category of the current offense" where there are "[r]epeat occurrences of a specific infraction[]." For example, the regulation permits the DOC to impose the administrative segregation sanction for a Category B offense for an inmate that commits a Category C offense where the inmate has repeat occurrences of the prohibited act. See N.J.A.C. 10A:4-5.1(d).

---

[1] The statute also provides for additional sanctions in accordance with N.J.A.C. 10A:4-5.1 for commission of prohibited acts in each of the five categories of offenses. See N.J.A.C. 10A:4-4.1(a)(1), (2), (3), (4) and (5).

A-2791-18T4

Hines claims in each of his three points that the DOC should have granted his administrative appeal because the hearing officer violated N.J.A.C. 10A:4-5.1(d) by imposing 365-days administrative segregation. Specifically, he claims that since prohibited act .254 is a Category C offense, it was improper for the hearing officer to impose 365-days administrative segregation because that sanction is authorized only for a Category A offense. See N.J.A.C. 10A:4-4.1(a)(1). Hines contends that any increase in the administrative segregation sanction under N.J.A.C. 10A:4-5.1(d) for his commission of the Category C offense was limited to that allowed for a Category B offense, or between "91 days and no more than 180 days." See N.J.A.C. 10A:4-4.1(a)(2). He asserts the hearing officer's imposition of a Category A administrative segregation sanction was therefore improper.

Hines's argument is undermined by the record. The hearing officer's initial handwritten decision reflected the 365-days administrative segregation sanction only permitted for a Category A offense. Her final decision, however, expressly states that, based on Hines's prior record of repeated infractions for committing prohibited act .254, a Category B administrative segregation sanction was imposed in accordance with N.J.A.C. 10A:4-5.1(d). In other words, contrary to Hines's claim, the administrative segregation imposed was

not a Category A sanction. To the contrary, the hearing officer and DOC imposed 180-days administrative segregation, which is authorized for a Category B offense. See N.J.A.C. 10:4-4.1(a)(2).

Hines does not contend the DOC abused its discretion under N.J.A.C. 10A:4-5.1(d) by increasing the sanction to the next highest level—a Category B offense. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding an issue not briefed on appeal is deemed waived). Moreover, Hines's commission of nine prior .254 prohibited acts amply supports the DOC's decision to increase the administrative segregation sanction to the next highest level and impose 180-days administrative segregation for Hines's admitted and undisputed refusal—for the tenth time—to accept a direct order to comply with a housing unit assignment. He does not argue to the contrary.[2] Ibid.

We otherwise are satisfied there is substantial credible evidence supporting the hearing officer's and DOC's finding Hines committed prohibited

---

[2] We acknowledge that in Point III of his brief, Hines claims the administrative segregation sanction is "excessive." That argument, however, is based solely on the contention that the sanction is excessive because it is in the range permitted for a Category A offense. As noted, that contention is contradicted by the record; the DOC imposed an administrative segregation sanction permissible for a Category B offense in accordance with N.J.A.C. 10A:4-5.1(d). Hines does not offer any other argument supporting his claim the sanction is excessive, and, based on the record present, we find no basis to conclude that it is.

act .254—indeed, Hines admits doing so—and we find no basis to conclude the DOC's findings and imposition of sanctions are arbitrary, capricious, or unreasonable. See Stallworth, 208 N.J. at 194; In re Carter, 191 N.J. at 482-83. We therefore affirm the DOC's final decision.

Any remaining arguments we have not addressed directly are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION